FILED

JUL 21 2017

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| AVIATION ALLIANCE INSURANCE RISK RETENTION GROUP, INC., | CV 17–35–M–DWM |
| Plaintiff, | ORDER |
| vs. |  |
| POLARIS ENTERPRISE GROUP, INC., CAMERON CREBS, and RICK CREBS, |  |
| Defendants. |  |

On May 10, 2017, Defendants Polaris Enterprise Group, Cameron Crebs, and Rick Crebs (collectively "Polaris") sought to compel arbitration of this matter pursuant to the arbitration provision in the parties' Master Service Agreement, (Doc. 9-1 (Dec. 1, 2009)). (Doc. 7.) On June 27, 2017, that motion was granted-in-part and denied-in-part, and Plaintiff Aviation Alliance Insurance Retention Group, Inc. ("Aviation Alliance") was ordered to pay half of Polaris' attorneys' fees and costs incurred in bringing the motion. (Doc. 15.) Polaris has since submitted documentation of its fees, (Doc. 16), to which Aviation Alliance objects, (Doc. 17). Fees are awarded to Polaris in the amount of $ 4,770.00.

1

"The 'lodestar method' is the fundamental starting point in determining a 'reasonably attorney's fee.'" *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). This method "requires the court to multiply the number of hours reasonably expended on litigation by a reasonable hourly rate." *Id.* at 1053 n.4 (internal quotation marks omitted). The lodestar calculation is presumptively reasonable, but courts may adjust the calculation based on twelve factors, including "the amount involved and the results obtained." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Moreover, "in determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (internal quotation marks and alteration omitted).

Polaris requests $ 5,278.00 in fees and no costs related to the motion. Most of that amount—$ 10,556.00 (prior to the fifty-percent reduction)—is attributable to Andrew D. White's fees. Mr. White, an attorney out of California, billed 25.4 hours at a rate of $ 340.00 per hour. (Doc. 16-2.) Randy Cox, local counsel, billed 6.4 hours at a rate of $ 300.00 per hour, for a total of $ 1,920.00 (prior to reduction). (Doc. 16-1.) Aviation Alliance argues that Polaris' request is

unreasonable for two reasons: (1) Mr. White's rate should be reduced to reflect the prevailing rate in Montana as opposed to California, and (2) the time Mr. White devoted to a motion to dismiss—as opposed to the motion to compel—should be excluded. Aviation Alliance's first argument is well-taken. However, Mr. White's 25.4 hours will be billed at a rate of $300.00 per hour because Aviation Alliance does not present any evidence as to what it believes to be "the applicable Montana community associate rate." (Doc. 17.) While Aviation Alliance cites to a District of Montana case from 2012 that discusses the prevailing rate at that time, *Edu. Logistics, Inc. v. Laidlaw Transit, Inc.*, 2012 WL 1142674 (D. Mont. Apr. 4, 2012), it does not explain how this older case is determinative of the Montana rate in the present case. Mr. White's time will therefore be billed at the same rate as local counsel, Mr. Cox.

As to Aviation Alliance's second objection, there is no indication that the time spent on the motion to compel as outlined in Mr. White's affidavit is divisible from that spent working on a potential alternative request for relief under that same motion. A reduction on those grounds is therefore not appropriate. However, as outlined in this Court's previous order, Polaris' recovery will be reduced by half to account for the results obtained. (*See* Doc. 15); *Kerr*, 526 F.2d at 70. The resulting attorneys' fees calculation is as follows:

3

| Attorney | Fees | Costs |
|---|---|---|
| Randy Cox | $ 1,920.00 | None |
| Andrew White | $ 7,620.00 | None |
| Total | $ 9,540.00 | None |
| **One Half of Total** | **$ 4,770.00** | None |

Accordingly, IT IS ORDERED that within ninety (90) days from the date of this Order, Aviation Alliance is directed to pay Polaris $ 4,770.00 as compensation for attorneys' fees incurred as a result of the motion to compel arbitration.

DATED this 21st day of July, 2017.

Donald W. Molloy, District Judge
United States District Court

4